■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERNA SALMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J., at trial; Owens, J., at sentencing), rendered July 11, 1985, convicting her of criminally negligent homicide, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminally negligent homicide as a result of stabbing a fellow student during a fight, resulting in her death.

We reject the defendant's contention that the trial court

erred in preventing defense counsel from recalling one of the People's witnesses to testify that she had heard, prior to the incident, that the deceased had been transferred into the defendant's high school because she had assaulted a teacher at her previous school. It is well established that in a criminal case where justification is an issue, a defendant may introduce evidence of the victim's prior specific acts of violence of which the defendant was aware at the time of the incident *(People v Miller,* 39 NY2d 543). However, the evidence would have been cumulative here since both the defendant and her friend testified at the trial that the defendant knew before the incident at bar that the deceased had assaulted a teacher.

In light of the violent nature of the offense, and the fatal consequence, it was not an abuse of the court's discretion to deny the defendant youthful offender treatment. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.